**Opinion filed June 19, 2014**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-13-00341-CR & 11-13-00342-CR
_____

## TREY WALKER PROCK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 396th District Court**

**Tarrant County, Texas**

**Trial Court Cause Nos. 1321389D & 1324336W**

---

## MEMORANDUM OPINION

Pursuant to a plea agreement, Trey Walker Prock pleaded guilty in May 2013 to the offense of burglary of a habitation (No. 11-13-00341-CR) and to the offense of assault family violence by impeding breath or circulation (No. 11-13-00342-CR). The trial court deferred a finding of guilt and placed him on deferred adjudication community supervision for a term of six years on each offense.

In June 2013, the State filed a second amended motion to proceed to an adjudication of guilt based upon six alleged violations by Appellant of the terms and conditions of his community supervision. At a hearing on the motion, Appellant pleaded "true" to the allegation that he violated the terms and conditions of his community supervision by using marihuana on May 7, 2013, and by consuming alcohol on May 8, 2013. After receiving evidence, the trial court found that allegation and three other allegations to be true, adjudicated Appellant guilty of the charged offenses, and assessed Appellant's punishment at confinement for twelve years on the offense of burglary of a habitation and for ten years on the offense of assault family violence. The trial court ordered that the sentences run concurrently. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in these appeals. In each appeal, the motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief in each appeal and advised Appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without

---

[1] By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's briefs.

merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and to proceed to an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motions to withdraw are granted, and the appeals are dismissed.

PER CURIAM

June 19, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.